UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| REBECCA JOHNSON,<br><br>*Plaintiff*,<br><br>v.<br><br>TANYA HUGHES and CHERYL SHARP,<br><br>*Defendants*. | Civil No. 3:19cv508 (JBA)<br><br>February 24, 2023 |

**ORDER OVERRULING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S RULING**

Plaintiff objects [Doc. # 106] to Magistrate Judge Robert A. Richardson's ruling [Doc. # 98] denying her motion to compel [Doc. # 89], asserting that he incorrectly determined that certain documents that she seeks were responsive to the second request in her November 2020 Requests for Production (RFP # 2). For the reasons stated below, the objection is overruled.

**I. Factual Background**

In November 2020, Plaintiff served Defendants with interrogatories and requests for production of documents, including RFP # 2, which sought "a copy of each and every note, document, record and correspondence as well as record of any other form of communication any nature whatsoever, generated by any state employee or state official, for the purpose of commenting on, taking note of or deliberating any job applicant's application or qualifications to be considered for interview or hire, including pre-interview and post-interview considerations, deliberations, and decisions." (Pl.'s Object. to the Magistrate Judge's Ruling [Doc. # 106] at 3.) Defendants made their initial productions in December of 2020, and produced additional responsive documents in August of 2021 that included interview questions, responses from interviewees to interview questions, score and rating

1

sheets, and recommendations for the ultimate hiring decisions made to the Executive Director, Defendant Hughes. (*Id.* at 3*.*) In the deposition of Defendant Hughes on August 10 and 11, 2021, Hughes testified that Shawn Burns, one of the candidates interviewed and selected for one of the two open Regional Manager positions, had served as Acting Regional Manager on roughly 50 prior occasions before interviewing for the Regional Manager position. (Mot. to Compel at 3.) Discovery closed on August 16, 2021. Plaintiff filed a motion to modify the discovery schedule on August 30, 2021 seeking an extension of deadlines, the opportunity to submit new interrogatories, the ability to complete Hughes and Sharp's depositions addressing the documents produced in August of 2021, the opportunity to complete service in order to depose two non-parties, and for the issuance of sanctions. [Doc. # 57.] Plaintiff later amended her motion, asserting that she should be permitted to obtain discovery on the dates Burns served as acting regional manager to verify the "accuracy" of Defendants' claim that Burns had supervisory experience that Plaintiff lacked. [Doc. # 62.]

Magistrate Judge Richardson, to whom the motions were referred, granted the motions in part and re-opened discovery on a "limited basis" until July 20, 2022 to "complete the depositions of Tanya Hughes and Cheryl Sharp," to "attempt to depose-nonparties Charles Krich and Michelle Dumas-Keuler," and to "attempt to depose Marla Schiller and Robert Zamlowski." (Ruling on Plaintiff's Motion to Modify the Discovery Schedule [Doc. # 84] at 3.) Magistrate Judge Richardson acknowledged that Plaintiff intended to seek discovery on the issue of whether Burns had filled in for Hughes as acting regional manager, but did not purport to "establish the scope of the inquiry" regarding this issue because "whether and to what extent additional discovery" would be needed was "difficult to determine in the abstract." (*Id.* at 3-4.)

On March 10, 2022, Plaintiff served additional interrogatories and requests for production on Defendants seeking documents and information related to Burns' time filling

the role of acting regional manager for any CHRO office. (Pl.'s Mot. to Compel Exh. 3, [Doc. # 89-3].) Defendants moved for clarification of the magistrate judge's order re-opening discovery, maintaining that the Order did not permit Plaintiff to serve additional interrogatories. (Defs.' Mot. for Clarification [Doc. # 85] at 2-3.) Magistrate Judge Richardson held an additional conference with the parties on March 24, 2022, confirming Defendant's interpretation. (Order Denying Mot. for Clarification as Moot [Doc. # 90].) As a result, Defendants declined to respond to the new interrogatories and requests for production because the requests were "not within the scope of the Court's order limiting the reopening of discovery" to the depositions of certain witnesses. (Pl.'s Mot. to Compel [Doc. # 89] at 6.) Plaintiff moved to compel Defendants to respond to the interrogatories and to produce documents related to Mr. Burn's service as the acting regional manager on the grounds that the information was both responsive to RFP # 2 and that she was "entitled to seek written discovery" after "discovery was opened" by Magistrate Judge Richardson's ruling. (*Id.* at 5.)

Magistrate Judge Richardson denied Plaintiff's motion to compel to the extent it relied on new interrogatories and requests for production because as explained at the March 24 conference, the period for written discovery had not been re-opened by his prior order. (Order Denying Mot. to Compel [Doc. # 98] at 1.) He further held that any emails or documents related to Burns serving as acting regional manager were not within the scope of RFP # 2 because no evidence suggests that "Mr. Burns' emails were relied on when making the decision to hire Mr. Burns or not to interview the plaintiff," or that anyone involved in the screening process relied on them. (*Id.* at 6.) Because the information was not responsive to timely requests for production and because there had been no authorization to seek written discovery after discovery had closed, the motion to compel was denied on October 17, 2022. (*Id.* at 7.) Plaintiff filed her objection to the ruling on October 31, 2022. (Objection to Magistrate Ruling [Doc. # 106].)

3

## II. Legal Standard

The Court reviews a magistrate judge's "determination of nondispositive motions, including, but not limited to, those relating to discovery and other matters of procedure" for whether the ruling is "clearly erroneous or contrary to law." D. Conn. Loc. R. 72.1(C)(2) and 72.2(b).; *see also* Fed. R. Civ. P. 72(a) (district judge must consider objections to a magistrate judge's ruling on a nondispositive matter "and modify or set aside any part of the order that is clearly erroneous or contrary to law"). Under the clearly erroneous standard, a reviewing court may reverse a finding "only if 'although there is evidence to support it, the reviewing court on the entire evidence is left with definite and firm conviction that a mistake has been committed.'" *Mobil Shipping & Transp. Co. v. Wonslid Liquid Carriers Ltd.*, 190 F.3d 64, 67–68 (2d Cir.1999) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Secs., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017).

## III. Discussion

Plaintiff argues in her objection that Magistrate Judge Richardson improperly determined that the documents she seeks related to Burns did not fall within the scope of Plaintiff's RFP # 2 because they would have been related to "any job applicant's application or **qualifications**." (Pl.'s Object. at 5) (emphasis in original). In Plaintiff's view, because having acted as an acting regional manager would be an "outstanding qualification," both Defendants necessarily would have considered that fact when evaluating Burns as a candidate for the job. (*Id.* at 7.)[1] Defendants contend that Magistrate Judge Richardson

---

[1] Plaintiff also argues that Defendants' refusal to produce documents should result in an adverse inference against Defendants, and that Plaintiff should be allowed to "complete the depositions of Defendants" after they are required to produce the documents. However,

4

correctly concluded that because RFP # 2 only sought documents that were "generated by any state employee or state official, for the purpose of commenting on . . . any job applicant's application or qualifications to be considered for interview or hire," any documents regarding Burns having acted as a regional manager were not responsive because they were not generated as part of the interview and selection process. (Defs.' Response to Pl.'s Object. [Doc. # 108] at 6.)

The Court finds that it was not "clearly erroneous" or contrary to law to determine that Plaintiff's second set of interrogatories and requests for production were untimely when they were filed on March 10, 2022, eight months after the close of written discovery in August of 2021 and after Judge Richardson's March 24, 2022 conference clarifying that discovery had been re-opened until July 2022 only for the limited purpose of pursuing and completing certain depositions. Nor was it clearly erroneous or contrary to law to find that the documents Plaintiff sought were not responsive to Plaintiff's RFP # 2, which sought documents ". . . generated . . . for the purpose of commenting on, taking note of or deliberating on any job applicant's application or qualifications to be considered for interview or hire." The documents Plaintiff seeks, such as emails notifying CHRO staff that Burns would be serving as acting regional manager for a specific date, would have been generated *before* the interview process ever began, and would not have been generated "for the purpose" of evaluating Mr. Burns as an interview candidate, but instead to keep the CHRO staff informed on whom they should be reporting to on a given day. Because the documents were not within the scope of RFP # 2, Defendants had no obligation to produce them, and Plaintiff points to

---

neither of those issues was raised in the motion to compel or Magistrate Judge Richardson's ruling on the motion, and so are not properly before the Court, which is reviewing only those issues that are within the scope of the magistrate judge's ruling.

nothing in the record that demonstrates otherwise. Thus, documents related to Burns' service as acting regional manager are not covered by the plain language of RFP # 2.

### IV. Conclusion

Plaintiff's objection to Magistrate Judge Richardson's ruling on the motion to compel is overruled.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 24th day of February, 2023